IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HON. MARY AKU QUARTEY | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. PWG-14-1684 |
| PRESIDENT BARACK OBAMA | * | |
| MICHELLE OBAMA | | |
| Defendants. | * | |

*****

MEMORANDUM

On May 27, 2014, Mary Aku Quartey ("Quartey"), a self-represented plaintiff who temporarily resides at a shelter in the District of Columbia, filed this action against President Barack Obama and First Lady Michelle Obama. She seemingly claims that she is a "predictor and inventor" and a Congresswoman and that the Obamas and other listed individuals[1] plan to assassinate her "world" and steal her "identity to fraud her capital wealth, congressional seats and properties."[2] ECF No. 1. She asks that they be sentenced to prison. After reviewing Quartey's indigency motion and the complaint, I will grant her motion to proceed in forma pauperis and summarily dismiss the complaint.

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute

---

[1] Although not named in the caption of the complaint, Quartey also lists former Secretary of State Condolezza Rice, former Senator Rick Santorum, Mitt and Ann Romney, Michael Steele, Robin Mawulller, and a Captain Bom of the U.S. Secret Service as involved individuals. ECF No. 1 at p. 2.

[2] In an attachment, Quartey affirms that as a "world predictor and inventor, a saint, congresswoman, a student of University of Maryland College Park," she is filing this lawsuit to "claim ownership of trillions of wealth, congressional seats and properties from President Barak Obama, Michelle Obama, Chief Justice John Roberts, Robin Mawuller and other persons." ECF No. 1-2. She also states that she was deceived by Michelle Obama and President George Bush; that Michelle Obama was involved in the theft of her "suit[] cases" containing personal information; and that Michelle Obama falsely presented herself as Quartey during trips to Ghana to "perform the naming ceremony of my statue." Id.

allows a district court to dismiss the case before service of process upon a finding that the action has no factual or legal basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Indeed, this Court must conduct a preliminarily review of complaint allegations before service of process and dismiss them if satisfied that the complaint has no factual or legal basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the United States Supreme Court held that a district court may dismiss the complaint of a pro se litigant under 28 U.S.C. § 1915 when the complaint includes only a "fanciful factual allegation" and lacks "an arguable basis either in law or in fact." *Id.* at 325; *see Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) ( "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely." (citations omitted)). *Neitzke* explained that the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzske*, 490 U.S. at 327. Indeed, § 1915 was amended after *Neitzke* and *Denton*, such that now the statute *mandates* that a district court "shall dismiss" a case upon a finding that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (noting that "it is clear that Congress intended that the PLRA [Prison Litigation Reform Act of 1995] overrule the *Neitzke* holding that "section 1915(d) did not authorize district courts to dismiss, sua sponte, a complaint for failure to state a claim").

The complaints of self-represented litigants are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a self-represented litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus,* 551 U.S. 89 (2007). When a federal court is evaluating a self-represented complaint, the plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555–56 (2007)). Liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.,* 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

Quartey, a frequent litigant in this court,[3] has presented claims that are wholly incredible and nonsensical. Even when giving a generous review to the self-represented complaint, it is appropriate to dismiss Quartey's action under 28 U.S.C. § 1915(e)(2)(b)(ii) for the failure to state a claim. A separate Order follows.

Date: May 28, 2014

Paul W. Grimm
United States District Judge

---

[3] Since December of 2009, Quartey has filed over thirty civil actions in this court.